### FULTZ v FULTZ

Ohio Appeals, 2nd Dist, Franklin Co

No 2499. Decided April 2, 1935

Milton L. Farber, Columbus, for plaintiff in error.

Paul C. Hicks, Columbus, for defendant in error.

## OPINION

By KUNKLE, PJ.

The above are the orders from which error is prosecuted to this court.

Counsel have submitted very exhaustive briefs. We have carefully examined the same and have also read the bill of exceptions.

The lower court evidently found that the defendant had made no substantial effort to comply with the order of the court in reference to alimony.

From the very brief testimony presented we can not escape the conclusion but that the defendant's principal complaint in this case consists of the plaintiff's failure to prosecute her suit for divorce and thus relieve him from his marital obligations.

Reference is made to a separation agreement which was entered into between the parties prior to the bringing of this suit.

This separation agreement is not made a part of the pleadings nor does it appear in the bill of exceptions or elsewhere.

Doubtless there were good reasons why the defendant did not desire this separation agreement to be brought to the attention of the court.

Without attempting to quote from the testimony in detail, the defendant admits that he is in arrears in the payment of alimony in the amount claimed by the plaintiff, and, among other things, on page 8 of the record, he says:

"I made that separation agreement at a time when I had a good salary and you gave me your word that you people would go right on and get the divorce immediately, which you did not, and you intended to because you gave me your word of honor and you told me over the telephone repeatedly that you would do so and **I refused to pay a definite monthly amount until you did so.**" (Black face ours.)

"Every time I was in default you were forced to contact me and you did and then at that time you assured me that just as soon as it could be heard, the case would be heard.

"Q. And you assured us that you would always pay your wife $60.00 a month as long as she remained unmarried? • A. You said we could not put all that in the divorce proceeding. I said if she would get her divorce quietly and without a lot of publicity so that I could protect my position, and that was the only reason and that was the definite understanding."

The record does show that defendant at one time agreed to pay his wife $60.00 per month as alimony and as above stated the principal complaint upon the part of the defendant that we are able to gather from this record is that the plaintiff has neglected to press her suit for divorce and secure a divorce from him.

This is not a case wherein the reviewing court might have arrived at a different conclusion from the testimony in reference to a modification of the amount of alimony awarded plaintiff.

The only question for a reviewing court to consider is does the record disclose that the trial court committed prejudicial error in overruling the motion of defendant for a modification of the former order of alimony and in finding defendant guilty of contempt for failure to comply with such former order. According to the record this is not a case where defendant is making an effort to comply or to substantially comply with the former order of the court with reference to alimony.

Upon a consideration of the entire record we would not feel warranted in holding that the trial court abused its discretion or committed prejudicial error in rendering the judgment which it did.

Judgment of the lower court will be affirmed.

BARNES and HORNBECK, JJ, concur.

## ON APPLICATION FOR REHEARING

### Decided May 2, 1935

By THE COURT

Plaintiff in error has filed a motion asking for a reconsideration of the decision formerly rendered by the court in this case.

We have carefully considered this application but could assign no good reason for granting the same.

Counsel for plaintiff in error, in their memorandum, suggest that the court has failed to pass upon the effect which a collusive agreement entered into between these parties may have and also failed to pass upon the effect of the defendant in error failing to prosecute her action to a conclusion.

We thought we had passed upon all of

the grounds of error in our former decision when we stated that we had examined the entire record and found nothing therein which would warrant us in holding the trial court abused its discretion or committed any prejudicial error in rendering the judgment which it did.

. In our former opinion we referred to the fact that reference was made to a separation agreement which had been entered into between the parties and also stated that this separation agreement did not appear either in the bill of exceptions or in the pleadings.

We further suggested that doubtless there were good reasons why the defendant (being the plaintiff in error herein) did not desire this separation agreement to be brought to the attention of the court. We are still of the same opinion, but as counsel for plaintiff in error in their memorandum refer to the collusive agreement entered into between the parties we are at liberty to say what we did not feel free to say in our former opinion, viz.: that the separation agreement referred to was a collusive agreement. If it was a collusive agreement (which the trial court could not see) then we think it sufficient to say that where a collusive or fraudulent agreement is entered into, the courts universally allow the parties to remain where they find them.

We would also be at a loss to know upon what theory we could find prejudicial error in the proceedings because of the failure of the defendant in error (being plaintiff in the lower court) to prosecute her divorce action to a conclusion. As stated in the former opinion the record shows that the plaintiff in error (defendant below) filed a cross-petition in which he sought a divorce. If the averments in his cross-petition are correct there would seem to be no good reason why he should not prosecute his cross-petition if a divorce is desired. We can only repeat what we stated in our former opinion, that from a consideration of the entire record we would not feel justified in holding that the trial court committed prejudicial error in rendering the judgment which it did.

The application for rehearing will therefore be denied.

KUNKLE, PJ, BARNES and HORNBECK, JJ, concur.

Rockwell, Grant, Doolittle, Thomas & Buckingham, Akron, for plaintiffs in error.
Harris Anson, Akron, for defendant in error Leon J. Myers.